UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAWN E. O'BRIEN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC. and JOHN DOES 1-10,<br><br>    Defendant. | Case No. 4:24-cv-03621 |

## CLASS ACTION COMPLAINT

**NOW COMES** DAWN E. O'BRIEN ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of WASTE MANAGEMENT, INC. ("Defendant") and JOHN DOES 1-10 as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. § 227, and the Massachusetts Regulation of Business Practices and Consumer Protection Act ("MRBCPA"), pursuant to Mass. Gen. Laws. Ch. 93A, § 1.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Brockton, Texas.

8. Defendant is a waste management, comprehensive waste, and environmental services company operating in North America, who maintains its principal place of business is located in Houston, Texas.

9. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect defaulted vehicle loans issued and/or serviced by Defendant.

10. In the collection calls placed by JOHN DOES 1-10, JOHN DOES 1-10 falsely identify themselves as "Waste Management."

11. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

12. Upon information and belief, Defendant has an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities

of JOHN DOES 1-10 (as the agent) and JOHN DOES 1-10 had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is vicariously liable for the acts of JOHN DOES 1-10.

## **FACTUAL ALLEGATIONS**

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3867.

14. At all times relevant, Plaintiff's number ending in 3867 was assigned to a cellular telephone service.

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. In June 2024, Plaintiff began receiving collection calls from Defendant seeking payment for a person named "Augustine."

17. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails ("robocalls") on Plaintiff's cellular phone stating:

> "Hello. This is an urgent message from Waste Management about a past due balance on your account. For customer ID—303849943007. You can make a payment online now at wm.com or by calling us at (855) 744-0498. If you have any questions or concerns related to this matter, please call us at (866) 218-3220. If you have recently made a payment, please disregard this message. Thank you"

18. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; (4) none of the voicemails identified Plaintiff by name; and (5) all voicemails referred Plaintiff to the same toll-free number.

19. Fed up with the invasive robocalls, Plaintiff answered one of Defendant's collection calls and told Defendant that it has the wrong number and requested that it cease communications.

20. Despite Plaintiff's request that the robocalls cease, Defendant continued placing robocalls to Plaintiff's cellular phone.

21. Plaintiff's request that the collection calls cease fell on deaf ears again and Defendant continued pounding Plaintiff with robocalls.

22. In total, Defendant placed numerous robocalls calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease.

23. Defendant's invasive collection calls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, nuisance, annoyance, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

24. Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

25. Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

26. All previous paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

27. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

28. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

29. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

30. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

31. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

32. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.  Commonality and Predominance**

33. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

34. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.   Typicality**

35. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.   Superiority and Manageability**

36. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

37. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

38. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

39. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.   Adequate Representation**

40. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

41. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

42. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act
### (On behalf of Plaintiff and the Members of the Putative Class)

43. All previous Paragraph of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because she is an individual.

45. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

46. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency calls to Plaintiff's cellular phone utilizing an artificial or prerecorded voice without Plaintiff's consent.

47. As pled above, Defendant utilized a prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

48. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

49. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

50. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

51. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

    a.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    b.    a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    c.    an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

    d.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

    e.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

    f.    any further relief this Court deems just and proper.

## COUNT II:
**Massachusetts Regulation of Business Practices and Consumer Protection Act**
**(Plaintiff Individually)**

52.    All previous Paragraph of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53.    Defendant is a "persons" engaged in "trade" and "commerce" as defined by Mass. Gen. Laws Ch. 93A, § 1.

54.    Pursuant to Mass. Gen. Laws Ch. 93A, § 2(a), "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

55. Defendant violated the above provision of the MRBPCPA through the unfair and deceptive nature of its fraudulent scheme, *inter alia.*, as discussed at length above.

56. Defendant used unfair and deceptive measures by calling Plaintiff with such frequency to harass Plaintiff into a debt that did not belong to her. Moreover, after notifying Defendant that they had the wrong number and to cease communications, Defendant continued to contact Plaintiff regarding the subject debt.

57. Defendant thus unlawfully attempt to deceptively call Plaintiff in an attempt to collect on a debt for someone other than Plaintiff, further illustrating the unfair, fraudulent, and deceptive nature of their conduct in violation of Massachusetts statutes.

**WHEREFORE**, Plaintiff DAWN E. O'BRIEN, requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 25, 2024                                   Respectfully submitted,

**DAWN E. O'BRIEN**

/s/ *Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*